Morning is McGarvey etalv versus Penske Auto Group etalv. Mr. Parris? Good morning to the panel and thank you for the opportunity to be heard. My name is Simon Parris from the law firm Assaults Mangaluzzi Barrett & Bendesky, and I represent the appellants in this matter. I would like to reserve four minutes for rebuttal, please. Granted. For the panel's de novo review of this matter, appellants see three principal issues to be addressed. First, initially, whether the anti-tying provision of the Magnuson Moss Warranty Act, which will be referred to as the MMWA by me throughout this argument, is a clearly established right under the New Jersey statute, the Truth in Consumer Contract and Warranty and Notice Act, which I'll refer to as the New Jersey Act throughout this argument to save some time and hopefully for some clarity. If it is a clearly established right, do the procedural hurdles of recovering damages under the Magnuson Moss Act preclude recovery under the New Jersey Act? And if not, does the second amended complaint as proposed to the district court state a claim for the violation of the New Jersey Act and the Declaratory Judgment Act under Rule 12B6? Mr. Parris, I'm grappling with this whole concept of clearly established as it appears in the New Jersey statute. And I've read Bosland and I'm not sure I understand clearly established any better after that reading than I understood it before. Are we to read clearly established and the Bosland opinion as really stating that a clearly established right is really just coextensive with every other statutory right? That can't be, can it? Well, Your Honor, I believe that can be. But then why would the legislature go to the difficulty of using the term clearly established, especially in light of a backdrop of this clearly established term of art that at least exists out there extensively in federal jurisprudence? Your Honor, in the context of using clearly established, the question comes to not whether the violation is the clarity of the law or whether it's a violation of the statute. But is it a right to the consumer that has been established? For instance, on the facts of this case, is the anti-tying provision of the Magus and Moss Warranty Act a right that has been established to protect consumers? Is that the right we're talking about? Yes, Your Honor, it is. Do we have to dig down further to ascertain this specific right as it relates to the facts of this case? I think you can address it on that right. But given the violation, for instance, if there was an inclusion of a violation of the Magus and Moss Warranty Act, the anti-tying provision, if that was included in the warranty at issue here, you could look to cases such as Dugan and Katz, which are cited in the briefs, and that could arguably constitute an unconscionable commercial practice under the Consumer Fraud Act. If that's what you're on, if Judge Fischer, if that's your question, as to are there other avenues that could plead a violation of the New Jersey Act? Well, I guess to get more specific, where has a New Jersey court said that requiring someone who is a New Jersey citizen who has a warranty for a theft system to use the credit that they get under the warranty at the same dealership where they purchased the original vehicle? Where have they said that a person has a right to take that money and go anywhere? Well, Your Honor, I think that that, I'll start with the New Jersey court has not said that. No court has addressed that issue. So that issue has not been addressed. It has not, but it is codified in the statute. And whether the facts of this case constitute a violation of Section 2302C is more of an issue for summary judgment down the road. The New Jersey courts have been very clear on what is required to plead a violation of the New Jersey Act, and that requirement is plead the provision of the contract or warranty that it purportedly violates and the right that is purportedly being violated. And plaintiffs have done that. But why isn't the fact that the specific issue here has not been ruled upon, why isn't that as a matter of law not clearly established? Well, I think the issue comes to whether when the facts are developed, if the warranty contains an illegal provision. I mean, the New Jersey Supreme Court has stated if the warranty or the contract contains a provision that is declared or ultimately determined to be illegal, there is a violation of the New Jersey Act. Kent Motorcars was very clear on the statutory purpose of the New Jersey Act. And I think the confusion lies in if you're looking to determine a clearly established right, if the violation is clear to the offender, that is not what the Act says. Mr. Parrish. Yes, Judge Clark. Let me interrupt you for just a moment. Certainly. Aside from the question which still lurks in my mind about whether or not there is a violation and whether or not there is jurisdiction and whether or not you had approved damages or a cure, put aside all that for just a moment. Why haven't you advocated then in your brief and in your argument so far, although perhaps you're going to, that we ought to certify this case to the New Jersey Supreme Court for under our local rules which permit our certification and which they have agreed in the past to certify cases? Because that would give us a very clear definition, would it not, as to whether or not this was clearly established. I agree completely, Your Honor. And in the sense that I know this Court has recently done that in the Shelton matter, which was just argued before the Supreme Court of New Jersey. Yes, I know. Yes, and I understand that that avenue is available, but my understanding is that it's something that the Court will do if it sees fit, and I am not opposed to that by any stretch of the imagination. That's what I wanted to get at. Are you opposed to it? If the Court were to decide that certification should be at least the preliminary answer to this. You are not opposed, I get it. I am not at all, Your Honor. I think, quite frankly, that. I'll ask your adversary the same question when he stands. Thank you, Your Honor. Go ahead. Mr. Parris, let me ask you another question. It's a jurisdictional question. Judge Gorth mentioned jurisdiction. I assume you're familiar with the argument in the Supreme Court in November, First American Financial Corp versus Edwards. I am, Your Honor. Okay. If, in fact, the Supreme Court rules that you have to have an injury to have standing, where does that lay to your case? Well, Your Honor, it would create some challenges to my case in some respects, but I don't think that ends the analysis under Lujan. I don't think that that ends the analysis under this circuit's decision in Alston versus Countrywide, which is 585 F3rd 753, which, Judge Fischer, I know you're familiar with, having been on that panel. Under that analysis there, that was, again, a RESPA statute, very similar and actually was part of the underlying basis to the Ninth Under that panel's analysis, essentially monetary damages was not a requirement for standing under Article 3. And essentially the violation of a right was actually found there to be part and parcel of Article 3 standing, so long as it was concrete and particularized. And I would submit to this court or this panel that plaintiffs have alleged a violation of the anti-tying provision here. So I would say that it is not fatal to the claims here. Mr. Parris, let me interrupt you once again. You keep talking about the violation of the statute. Mr. Parris, if I go to Radio Shack and I buy a radio and they give me with the radio is defective at any time, you can bring it back and we'll give you 50% off a new radio. Is that a violation in your view of the Magnuson-Moss Act? Well, Your Honor, I believe that there are issues that the answer is no, that is not a violation if you were to use. And why not? Because you don't actually say it has to come back to Radio Shack in your example. No, it says we'll give you 50% off a new radio, if I was mistaken in the way I spoke, a new Radio Shack radio. So you identify the brand and name, you come back and you're required to spend money at 50% off of a new radio. If it's defective, you come back, you get a new radio, but you only have to pay half price. In that circumstance, Your Honor, no, I don't believe under certain examples that exist that the percentage off would create a violation of the tying arrangement, because in that circumstance, Your Honor, the Radio Shack is providing the good and has what would be a direct financial interest in providing that good, which dovetails to some of the court's severability analysis, which I don't think is necessary, but enlightening in that example. What's the difference between that and returning a car or having a stolen car and coming in and getting a new Honda at a discounted price, whatever it is, the $2,500, $5,000, or $7,500? I don't see any difference. Well, Judge Garth, I think there's actually a number of differences, and I'm out of time, but I will certainly answer them. The differences are when you require the dealer to go back and select a Honda or the consumer to go back and select a Honda at that dealership, spend over $10,000 after purchasing the warranty. I think that that fits squarely within the tying arrangement, whereas in the Radio Shack example, you have a defective part. You have to go back to get a replacement part. And, you know, you're talking about just the part. And replacement, the warranted product in your Radio Shack example is the radio. The warranted product in the IBEX is the etching under the definition of replacement. Under the Magnuson Moss Warranty Act, it is replacement of the warranted product only. The vehicle under the IBEX is not the warranted product. I'm sorry. I am out of time. We'll have you back on rebuttal. Thank you. Thank you. Mr. Hare. Good morning, Your Honors. May it please the Court, John Hare for the defendant IAS. Your Honor, pursuant to the allotment of time form we filled out, I would take 10 minutes, and my co-counsel, Ms. Cohart-Forpensky, would take the remaining five minutes. Very well. Thank you. Your Honors, these undamaged plaintiffs have premised a state law claim on a federal statutory violation that does not exist, has never been recognized anywhere, and no American business nor its attorneys could have surveyed any of the case law, the statutory text, the legislative history, the FTC opinions, the enabling regulations, Your Honors, and found reasonably that this type of warranty would be subject to any suit, much less a putative national class action. I want to take up with you, as I did with Mr. Parrish, the meaning of Bosland. We're required, of course, under our precedent, to give consideration to the decisions of intermediate state courts for purposes of determining state law questions, and we do that with intermediate state courts and give them their decisions weighed in the absence of persuasive data. So we have Bosland, which would seem to cut against your position on the statutory interpretation here. Can you point to some persuasive data that ought to dissuade us from what Bosland seems to say about the meaning of clearly established rights? Well, I think Bosland, Your Honor, actually falls in line with the cases, the remaining cases that plaintiffs themselves cite as demonstrating clearly established rights, because what happened in Bosland is that there was this documentary fee, just a $20 fee tacked onto this product when you had this New Jersey statute, the Auto Sales Practice Registry Act that precluded undisclosed fees. So like in so many of the other cases they cite, there is a clearly established right to be free of undisclosed fees, and that's what binds all of their cases together, Your Honors, to the extent that there has been found a violation of the New Jersey statute, there has been a clearly established right and an actual violation of that statute. And here, what makes this case so unusual is the predicate statute, Magnuson-Moss Warranty Act, is so undeniably not violated in this case that they have never even challenged the dismissal of that claim, because at the end of the day, Magnuson-Moss does not prohibit ties. It prohibits first just harmful and uncured ties, and it's undisputed in this case that they cannot make out those elements of Magnuson-Moss. So if we return to the New Jersey statute, the term right, clearly established right, has to have some meaning in this context where we have a civil action brought by plaintiffs. And it has to mean that they have a cause of action, a claim that they can enforce at law. Just for clarification, you're not taking the position, then, that Boslin does not offer a plausible reading of the NJTCCA? I think it does offer a plausible reading of the statute, Your Honor, insofar as the right in that case was, number one, clearly established, and there was a violation of a very specific New Jersey statute. And by the way, no party has found any case where this statute has ever been premised on any violation of federal law, and certainly not a violation where the federal act itself requires elements that plaintiffs undeniably cannot meet. So if we turn, you know, in our view, Your Honors, and I think it's important for us and our clients to point out that we didn't violate federal law here. This warranty is not a tie anyway. Even if we take it. Let's stop there for a second. Sure. We're at the motion to dismiss stage. And what could be more clearly established than a federal law? Under the Magnuson-Moss Warranty Act, the Congress said that to tie in products to a warranty is a violation of the act, and that's what's alleged here. Your Honor, I agree that the right to avoid uncured and harmful ties is a clearly established right under Magnuson-Moss. All right. Now, we're at the motion to dismiss. That's correct. Now, you know, you have our plausibility standard, and I think the question is have they stated a plausible claim here? Now, you may eventually win this case, but at this stage we are. I mean, I'm just in trouble with why a federal law couldn't be that clearly established right. And I understand your concern, Your Honor. The unusual difference about this case is we have already won on the predicate statute, and the win is so convincing that there's not even been an appeal from the dismissal of that claim. They could not, and they agree they could not because they didn't even replete it, establish a Magnuson-Moss warranty violation. So while I agree with Your Honor that if there are factual disputes about whether they can establish the predicate statute, then frankly we probably lose at the motion to dismiss stage. But the question of whether or not this warranty violates Magnuson-Moss has been resolved and concluded, and there's been no appeal from that resolution, which is, again, you know, if we get back to the point of Magnuson-Moss, Your Honor, to try to prevent the warrantors from doing what they used to do, tying the use of the warranted product to other products and services that are not provided to the consumer, the stereotypical motor oil example. The only real federal case in this area is the Apple litigation case where Apple tied the use of its iPhone to applications that weren't Apple applications. In every other aspect of this law, the FTC's opinion letter, the regulations, et cetera, they are what I'd call classic ties. Ties where, for instance, the warrantor says, we warrant neither parts nor service, but I'm going to designate the service facility. We warrant parts but not service, and I'm going to designate the service facility because there is a direct linkage between a warranted product and the use of a non-warranted service or product. Here, that's not the case at all. The critical difference, Your Honors, is that warranted products cannot be tied to other products and services. Here, the credit that goes toward the replacement of the vehicle is the very benefit provided by the warranty. It's not tying the use of the product. The product here is the registered edge. We've never said in any warranty or otherwise that they couldn't use any other product or service that they desire in connection with our product. However, to use the benefit, they have to return to the originating dealer. And so we know from the FTC's opinion letter, the only authority, I'd submit, Your Honors, that's ever been, I know that it's not binding on Your Honors, of course, but it's highly persuasive insofar as it points out that performing the very service premised under the warranty is not using a service in connection with the product. Are you talking about the FTC letter? Yes, Your Honor, that 2002 letter. And now, I know plaintiffs argue that the FTC was simply wrong there, but its analysis is right on with the statute because it draws the distinction between tying to the warranted product and putting conditions on how the benefit of the warranty may be used. And here, the credit toward the replacement vehicle  the very service promised under the warranty. It's just like a 50-50 warranty, and that's in the letter as well, and it appears elsewhere. Where a warrantor says, I'm going to provide for a car, for instance, 50% of the cost of parts or service to the extent that you need it, it can therefore designate the service facility that you have to go back to because it has a financial interest in which service facility you go back to. This gets to Judge Simandl's proper severability analysis. He never ended up applying it because he found even if this is a tie, that the right isn't clearly established. And we think he's right about that. Mr. Hare, let me interrupt you a moment. I want to get back to the singular issue that is posed by the two briefs and by this case, which is the clearly established clause that appears in the New Jersey statute. I asked your adversary whether or not he would object if the court determined that this should be a matter in which we petition for certification in the Supreme Court. Do you object? Your Honor, respectfully, we would. And if so, why? Yes, Your Honor. We would, Your Honor, because we don't think it's necessary. There has been, with one minor exception, no legislative history of what clearly established means, but it is the term that the legislature used. I think that that is a matter that this court sitting in diversity could interpret how another court would construe the terms clearly established, and no matter how broadly that term is construed, as Judge Simandl found. Judge Simandl did construe it, and he construed it at least in part using federal jurisprudence defining clearly established. Did he not? Tort jurisprudence for the most part because that's where it most clearly appears in our cases. That's what he focused on, but don't you think that perhaps a statement or an opinion from the New Jersey Supreme Court defining what clearly established means in New Jersey would be helpful? Well, again, Judge, I think that this is not something over which sort of reasonable minds could disagree. I think clearly established means something more than established. However, wherever we draw that line, it means something more than established. And the right here isn't even established because there's no case anywhere in the country suggesting that a partial service warranty like this is a tie. There's no CFR. There's no FTC opinion. There's no basis to suggest it's even established. So I don't know that we would need the Supreme Court of New Jersey to weigh in on the precise definition of clearly established. You know, there is legislative history, Your Honor, of that term. It's not a lot, but it says that it means something is not subject to reasonable disagreement, which is a commonsensical approach to what clearly established means. I'm sorry, where is that legislative history? There is... I don't have the site right here in front of me, Your Honor, but there is legislative history suggesting that it means... That's awfully important. If you tell us that it has been defined by at least one of the branches of the government, it is a most significant thing to us. Can you supply us with that? Absolutely, Your Honor, absolutely. And it simply suggests that in its common sense meaning that... Can you read it? Can you give us not a paraphrase, but what the legislature has said when they passed this bill? Of course, I'm not getting into the time that it must be clearly established, which is a different issue. Yeah, I cannot, Your Honor. It's just I wrote down the quote that it means not subject to reasonable disagreement. We will submit it to his post argument. Absolutely, Your Honors, absolutely. And I see that I'm out of time, Your Honors. Judge Barth, do you have a further inquiry of Mr. Hare? No, I think I've asked everything I want. All right. Thank you, Your Honors. Thank you, Mr. Hare. Ms. Cohart? Thank you. Morning, Your Honors. My name is Mary Cohart. I'm here for what we've called the PAG defendants, which are the automobile dealership and its parent company. I'd like to start by simply saying this. The issue of whether or not the statute, the Magnuson-Moss violation is a clearly established right, I think should not be certified to the New Jersey Supreme Court, largely because we don't need to argue over whether it's clearly established, simply because it's not established at all. And this is a federal statute, and we had a federal judge reviewing the case law. It's not as if the trial court was analyzing rights under New Jersey law. They were analyzing rights under federal law and whether a warranty, which is a challenge to the warranty benefit itself. All right. Stop right there. Where does the term clearly established appear? It appears in the case law discussing the statute. And I think that the issue about whether a right is clearly established. Only the case law? Your Honor, actually, I'm not quite sure if it actually appears in the statute. I think it appears in the statute. It clearly is. It does appear in the statute. Yes, it is. So Boslin was called upon to use and interpret the term only because it appeared in the statute, a State statute. Yes. So federal jurisprudence, to the extent it has been used and can be used, actually is of limited help to us, is it not, in determining what the intent of the New Jersey legislation is? Your Honor, and I agree with that. And I was actually referring to the underlying right itself that is at issue in this case, which is whether there is a right or an obligation by the warrantors under Magnuson-Moss not to have a warranty of the nature that was at issue in this case. Well, I understand. Magnuson-Moss says what it says, and Federal courts interpreting Magnuson-Moss will say what they will, as will State courts. But it is clearly and exclusively a State law provision which incorporates into our analysis the requirement that the right be clearly established. And I don't debate that at all. However, I do point out that the Boslin case under New Jersey law did, in fact, involve something that had been clearly deemed unlawful under New Jersey law, which means it's not, there may be kind of a dicta quality to what the court said, because they were not struggling with an issue where there was no prior regulatory or judicial determination that conduct that issue was unlawful. So to that extent, we may be reading more into the Boslin decision than that court intended when it comes to something like this Magnuson-Moss claim, where the court said that it would be interpreted to challenge the warranty benefit itself. Because this, what is at challenge here is not anything tied to the warranty. This is the actual benefit. The warranty benefit is a credit towards a new car. And it's no different or no less valuable than, for example, 50 percent off a new radio at Radio Shack or any of these other sorts of warranties that don't have benefit to the consumer unless the consumer is willing to, say, purchase the same product again or buy tires at the same tire distributor, or all of the other things manufacturers and distributors use to limit their liability when it comes to a warranty. And with all due respect to the Boslin case, and I understand it says what it says, but you have to keep in mind that my client is not even the warrantor here. We had no obligations under Magnuson-Moss from the get-go. And if the New Jersey statute was to be used as a basis for a new car, it would clearly apply to us here, in other words, just because we offered this product and the term of this warranty. The New Jersey statute is not limited to warrantors. That's exactly right, Your Honor, which is my point. No seller, lessor, creditor, lender, or bailiff. I absolutely agree that that is the case. And to my way of thinking, that is yet another reason why I don't think the Boslin court intended to say, to mean clearly establish just any old legal right, because this is a penalty statute. There are penalty damages. And it's going to apply to people whether or not the underlying legal obligation belongs to them. Because I agree with you, Your Honor, that is crystal clear in this statute. It would apply to, at least on the face of things, to companies like automotive dealerships, even though the underlying right at issue would not apply to the dealership in this instance, because we are not the warrantor under this product. It was an aftermarket product that we offered as a pass-through to people that bought cars. So I think that a careful review of the Boslin case would lead one to believe that this is not necessarily, they did not use this established language in that case to cover situations where the underlying legal obligation or right was not well-established in the law. And this is just such a case, because prior to the time we were sued here, there were no cases other than an FTC opinion which was in our favor to suggest that we were in violation of the Warranty Act. Thank you very much, Ms. Cohar. Mr. Peres, you have rebuttal. Thank you. Your Honor, I'd like to start with, during Mr. Herr's argument, he ostensibly conceded that there was a clearly established right under the Section 2302C. And if that was the case, there would be factual issues that need to take us to discovery and essentially summary judgment. I'd like to ask you, and I perhaps should have asked your adversaries as well, and this may in your case be a softball, but as Judge Fischer has pointed out, we're at the motion to dismiss stage here. And in your second amended complaint, you added, I believe, four facts in that plea. Am I correct? There actually may have been a few more than four facts that we added. I believe it's at A178 of the appendix. There's a portion of the brief that details the facts that were added to the second amended complaint that basically demonstrated the absolute nature of the warranty benefit and the lack of direct financial interest by the warranty. I just wanted to ask you what that adds to the equation here and how those facts might assist you in getting past the motion to dismiss. Two points on that. Initially, the facts were added in light of Judge Simandl's underlying opinion relating to severability. That was the only reason. I don't necessarily believe that that analysis is necessary, although we satisfy it under a Rule 12B6 standard. I believe the plain language of the Magnuson-Moss Warranty Act under 2307 and under 2302C harmonize one another. 2302C, you can't do it without charge, and 2307 says provided that the warrantor provides for the charge. So the lack of payment harmonizes those two provisions. And number two, Your Honor, is in Smith v. Vanguard Dealer Services. It's a New Jersey appellate division decision that is unpublished. However, it presents the exact issue that's presented to this court. In that case, and it's cited in our briefs, and I can provide the court with the site, of course, if it would like at this moment, but it was decided on December 21, 2010. In that case, it is a New Jersey Act violation alleged, and the New Jersey Act violation alleged is based on a violation of the anti-tying provision of the Magnuson-Moss Warranty Act. In that case, Your Honor, the court held plaintiff's complaint stated a claim where the anti-tying provision was the clearly established legal right, concluding, quote, we have no doubt that Smith's allegations against Rosses suggest a cause of action for a violation of NJSA 5612-15. There, it determined that the mere act of the auto dealer, the Penske appellates, displaying the warranty with the allegedly offending provision, constituted an adequately pled violation of the New Jersey Act. Your Honor, so there is guidance for this court to go by. While unpublished, there is guidance for how the New Jersey court sees it. I welcome the opportunity to brief it in an argument before the New Jersey Supreme Court because I believe that if the court looks to the decisions cited, particularly at page 22 of appellate's opening brief and 23, you'll see that it's very consistent as how the courts have looked at this. Judge Smith, one of your first questions to me was about Bosland and about whether all statutes were to be part of it, and I believe that is what the New Jersey legislature and New Jersey courts have intended. A reading in Jefferson Loan was an amorphous standard about a notice. Isn't that contrary to canons, though, that strongly suggest that legislative bodies don't use unnecessary words, that they don't employ terms that add nothing to the statutory form itself? Yes, it absolutely is, Your Honor. But I don't believe that clearly established is an unnecessary word. Remember, it's clearly established as established by state or federal law. The judge made an interesting point in one of his opinions about it needs to be more than a pro hoc. I'm sorry, the actual language has escaped me, but a pro hoc recognition by a court somewhere because that wouldn't be clearly established. But here, in this case, you had that because you had the federal statute upon which to rely. Your time is up, Mr. Parris. Let me ask Judge Garth if he has any additional questions. I do not. Thank you, Judge. All right. Thank you very much, Parris. Thank you, counsel. The case was very well argued. I'm going to ask Mr. Hare because we left kind of up in the air the citation to or the existence of that matter of legislative history. If you would submit in just a letter form, not argument, just a letter form. Certainly I can't foreclose Mr. Parris from responding if he wants to, but I would think that that would only be limited to whether or not what's been cited to us is accurate because we're not asking for additional argument. Just a citation. I have it here. We'll include it in the letter. All right. Thank you. Thank you very much, counsel. We'll take the case under advisory. Thank you.